Cicely T. Ray, Esq. (SB 213677)
CICELY T. RAY & ASSOCIATES
4740 Green River Road Suite 314
Corona, CA 92878
(951) 735-2488 Office
Email: Cicely.Ray@Cicelyraylaw.com

Attorneys for Plaintiff,
GEVAUN SCOTT

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| GEVAUN SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No.<br><br>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW COMES GEVAUN SCOTT, ("Plaintiff"), who, through legal counsel, alleges the following against Defendant EXPERIAN INFORMATION SOLUTIONS, INC., ("EXPERIAN or Defendant").

**Nature of the Action**

1. This action arises under the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. §1681 *et seq*.

**Parties**

2. At all relevant times, Plaintiff has been a natural person residing in the city of Charlotte, in the county of Mecklenburg, in the state of North Carolina.

3. At all relevant times, Plaintiff has been a "consumer," as that term is defined by 15 U.S.C. §1681(a)(c).

4. Defendant EXPERIAN is a corporation headquartered in Costa Mesa, California, conducting business in the State of North Carolina.

5. Defendant EXPERIAN is a "person" as the term is defined by a consumer reporting agency and used in 15 U.S.C. §1681a(b).

6. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant EXPERIAN furnishes such consumer reports to third parties for monetary compensation.

8. Defendant EXPERIAN is a "consumer reporting agency," ("CRA"), as the term is described in 15 U.S.C. §1681a(f).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Jurisdiction and Venue

10. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

11. Venue is proper pursuant to 28 U.S.C. §1391(b) because: the Defendant is headquartered in this District; the conduct giving rise to this action occurred in this District; and, either a substantial part of the events or omissions giving rise to the claims herein occurred within this District, or a substantial part of the property which is the subject of this action is situated within the District.

## Factual Allegations

12. Plaintiff, a consumer who is the victim of inaccurate reporting by EXPERIAN has suffered particularized and concrete harm in the form of loss of credit, defamation, and/or loss of reputation.

13. CRAs, including EXPERIAN, have a duty under the FCRA to follow reasonable procedures to ensure the consumer reports they sell meet the standard of "maximum possible accuracy" 15 U.S.C. §1681(e)(B).

14. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

15. Further, Furnishers are prohibited from furnishing information it knows or should know is inaccurate.

16. Here, Plaintiff is a victim of inaccurate reporting in his credit report published by EXPERIAN. The following is a description of the inaccuracies and failures of the Defendant investigating and updating their reporting of the account in question:

17. Plaintiff entered into a payment arrangement with a creditor, Cherry Technologies, Inc. account number beginning with LIRWS3.

18. Per the terms of the agreement, Plaintiff made all payments required and fully satisfied the terms of the agreement.

19. Thereafter, Plaintiff reviewed a copy of his credit report from EXPERIAN.

20. To his surprise, despite Plaintiff's performance under the terms of the agreement, EXPERIAN showed an inaccurate status of the account.

21. Specifically, EXPERIAN reported the Account with a current status of "Collection and Charge-Off", a balance owed of $1,987.00 and failed to report the payment that was made to satisfy the Account.

22. EXPERIAN'S failure to report the Account correctly and failure to report the accurate status, accurate balance, and failure to report the payment Plaintiff made on the Account harmed Plaintiff's credit score and would, at the

least, mislead any third-party reviewing Plaintiff's credit history.

23. Thereafter, on or around August 6, 2025, Plaintiff issued a dispute by U.S. mail to EXPERIAN regarding the incorrect information being reported on the Account.

24. This dispute was delivered to EXPERIAN on or around August 10, 2025.

25. In his dispute letter, Plaintiff disputed the incorrect entry in their credit report that the Account was in a "Collection/Charged Off" status and that any balance was owed on the Account. In his dispute he included proof of the agreement between him and his creditor and proof of the payment made in satisfaction of the agreement.

26. Upon information and belief, within five days of receipt of the disputes and pursuant to their obligation under the FCRA, EXPERIAN notified the Furnisher of Plaintiff's dispute.

27. Further, upon information and belief, EXPERIAN would have sent the documentation Plaintiff included in his dispute letter to the Furnisher, including the terms of the settlement and proof of payment.

28. Despite their very specific dispute and accompanying documents supporting his dispute, EXPERIAN did not correct the inaccuracies and Plaintiff's credit report contained the same inaccuracies he had disputed.

29. At the time of the filing of this complaint, EXPERIAN continues to report the Account as having a current status of “Collection/Charge-off,” having a balance owed, and misreporting the payment history of the account.

30. Further, after receiving Plaintiff’s dispute concerning the inaccurate information of the Account, EXPERIAN is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

31. If EXPERIAN would have complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

32. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

33. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

34. Because of his concern over the effects Defendant’ misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

**COUNT I Against Experian:**
**Violation of the Fair Credit Reporting Act—15 U.S.C. § 1681e(b)**

35. By reference, Plaintiff repeats and incorporates into this cause of action the allegations set forth previously in Paragraphs 1-34.

36. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

37. Defendant EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) which EXPERIAN published and maintained concerning the Plaintiff.

38. As a result of the conduct, action, and inaction of EXPERIAN, Plaintiff has suffered and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities. For such damages, Plaintiff seeks compensation in an amount to be determined by the trier of fact.

39. EXPERIAN'S conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

40. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

41. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT II Against EXPERIAN:**
**Violation of the Fair Credit Reporting Act—15 U.S.C. §1681i**

42. By reference, Plaintiff repeats and incorporates into this cause of action the allegations set forth previously in Paragraphs 1-41.

43. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

44.Defendant EXPERIAN violated 15 U.S.C. §1681i because, after receiving actual notice of such inaccuracies, Defendant failed to delete inaccurate information in Plaintiff's credit files, failed to conduct lawful reinvestigations, and failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

45. As a result of EXPERIAN'S conduct, action, and inaction, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities. For such damages, Plaintiff seeks compensation in an amount to be determined by the trier of fact.

46. EXPERIAN'S conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

47. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN pursuant to 15 U.S.C. §1681n and/or 1681o.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against the Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b. Punitive damages, pursuant to 15 U.S.C. §1681n(a)(2), for Defendant's willful violation;

c. The costs of instituting this action together with reasonable attorneys' fees incurred by Plaintiff pursuant to 15 U.S.C. §1681n(a)(3); and

d. Any further legal and equitable relief as the court may deem just and proper under the circumstances.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Date: March 13, 2026

By: *<u>/s/ Cicely T. Ray</u>*
Cicely T. Ray, Esq. (SB 213677)
CICELY T. RAY & ASSOCIATES
4740 Green River Road Suite 314

Corona, CA 92878
(951) 735-2488 Office
Email: Cicely.Ray@Cicelyraylaw.com

Attorneys for Plaintiff,
GEVAUN SCOTT